Dykers, Alstyne & Co. agt. Woodward and Hallam.

---

## SUPREME COURT.

DYKERS, ALSTYNE & Co. agt. W. S. WOODWARD & MARY HALLAM.

The Code (§ 135) provides for the service of a summons on a non-resident defendant by an order and publication six weeks; and, "when the publication is ordered, *personal service* of a copy of the summons and complaint out of the state, is equivalent to publication." And § 137 declares that this species of service (by publication) "shall be deemed complete, at the expiration of the time prescribed by the order for publication."
Held, that the *twenty days* to answer, begins to run *from the day of the personal service*, out of the state.
An admission of the facts constituting fraud, must prevail over a mere unexplained denial of fraudulent intention.

*New York Special Term, December* 1852. On the fifth of October last, the plaintiffs sold to the defendant Woodward one hundred shares of the stock of the Cumberland Coal and Iron Company, for $6,750; and, on the same day, made a regular transfer to him on the books of the company. Woodward gave,

ın payment of the stock, his check for the amount on a bank in New York, which, on presentation, was refused payment. It now appears that he had no funds in the bank at the time, and has had none since. The plaintiffs accordingly charge that the stock was obtained from them by fraud; and they further allege that to effectuate his purpose he immediately transferred it to the other defendant, Mary Hallam, who resides in Connecticut, without receiving any valuable consideration. They ask for a judgment directing the stock to be returned to them, with damages and costs; that in the meantime an injunction may issue, &c. Woodward, in his answer, admits the truth of the above statement, except as to the consideration of his transfer to Mrs. Hallam, and as to his intention in giving the check. He says the former was for the full value received by him from her, and the latter was not fraudulent.

FRANCIS H. DYKERS, *for Plaintiffs*.

HENRY D. LAPAUGH, *for Defendant Woodward*.

ROOSEVELT, Justice.—An admission of the facts constituting fraud, must prevail over a mere unexplained denial of fraudulent intention. The concealed mental purposes of a party can not rebut the legal inferences necessarily arising from his acts. It is the act, not the secret intent which constitutes the fraud. That act, in the present case was the obtaining of the plaintiff's property by a false check, the same in effect as a forged one. As between Woodward, therefore, and the plaintiffs, the sale was void; still, if Mrs. Hallam was a *bona fide* purchaser, without notice, and if she actually parted with her money, on the strength of the transfer, she is entitled to be protected. On this question Woodward's answer can not be used in evidence in her favor. She must aver and prove her own case. Instead of doing so, she has—if the plaintiffs' views of the practice be correct—suffered a default and thereby allowed the complaint, in effect, to be taken as confessed. Being a non-resident the summons, as against her, was ordered to be served by publication. But before the prescribed six weeks had expired, the summons and complaint were served personally in Connecticut. More than twenty days have elapsed since that service, but not since the

Dykers, Alstyne & Co. agt. Woodward and Hallam.

expiration of the six weeks. The Code says (§ 143) the answer "must be served within twenty days after the service of the copy of the complaint;" or (§ 128) within twenty days after service of the summons; and that if the defendant (§ 146) fail to answer within the prescribed twenty days, the plaintiff may apply for judgment. Has the defendant Hallam then failed to answer? or in other words, when is she deemed to have been served? Service is either within or without the state; in the former case it must be personal, in the latter it may be either personal or by publication (§ 99, 127, 134, 135). Section 135 provides that where a defendant can not be found within the state, the plaintiff may obtain an order, directing "that the service be made by the publication of a summons," not less than once a week for six weeks; and section 137 declares that this species of service "shall be deemed complete at the expiration of the time prescribed by the order for publication." When, therefore, the Code says that "personal service of a copy of the summons and complaint out of the state is equivalent to publication," it means equivalent to complete service, so as to make the twenty day limitation of the period to answer commence running from the day of such service. The six successive weekly insertions of the advertisement are not with the view of giving time to a distant party to answer, but to increase the chances of his getting notice of the suit. Two or three insertions, the law presumes, might be overlooked. It requires at least six at intervals of a week each, to raise a legal presumption of notice; and even then it is but a presumption. Still for the purpose of rendering the proceedings valid, it is allowed to have the effect of actual notice. Why, then, should not personal service, which is actual notice, have the same effect? The plaintiffs, therefore, are regular in applying for judgment against both the defendants. The defendant Hallam, however, on application and "sufficient cause shown," must, notwithstanding, be allowed to defend. On this point the Code is imperative. Has she, then, showed sufficient cause? She tenders an answer, sworn to by her, and which she proposes, if allowed, to put in; in fact, she says that the transfer was made by Woodward to her "for the full value thereof received from her," cautiously avoiding any

averment as to what the value consisted of, and when it was paid. The statement is perfectly consistent with a case of transfer in payment or security for an antecedent debt. In addition, however, to this ominous suppression, there is a very pregnant obliteration in the document. As originally drawn, it contained an averment that the transfer was made " upon a purchase by her in good faith." This line, although obscured by a very dense cloud of black ink spread over it, can, with some effort, be discerned, nevertheless, by the naked eye. The inference, therefore, is irresistible that the transaction, as between the de-defendants, was not a *bona fide* purchase, and that no advantage, consequently, can result from it to defeat the relief to which the plaintiffs are entitled against the original fraud. The conclusion is that whether the answer be received or rejected, there must be judgment for the plaintiffs.